# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEMETRIUS NASH** | : | **DOCKET NO. 17-cv-246** |
| **DOC # 536196** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **NATHAN BURL CAIN, II** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Demetrius Nash ("Nash"). Nash is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Rayburn Correctional Center in Angie, Louisiana, but was incarcerated at Raymond Laborde Correctional Center (formerly known as Avoyelles Correctional Center) when he filed this petition. *See* doc. 1, p. 1.

### I.
#### BACKGROUND

Nash pleaded guilty to one count of armed robbery and one count of attempted armed robbery, and admitted to a probation violation in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on or about October 30, 2010. Doc. 1, p. 1; *see State v. Nash*, 112 So.3d 409, 411–12 (La. Ct. App. 3d Cir. 2013). He was sentenced to terms of thirty-five years on the armed robbery conviction and twenty years on the attempted armed robbery conviction, and the trial court ordered that his probation be revoked and that he serve a previously suspended three year term for the probation violation. *Nash*, 112 So.3d at 412. All sentences were ordered to run consecutively. *Id.*

Nash sought review in the Louisiana Third Circuit Court of Appeal under two separate cases, which were later consolidated.[1] *See State v. Nash*, 112 So.3d 419 (La. Ct. App. 3d Cir. 2013). In his appeals he raised the following claims:

1. The guilty plea to the attempted armed robbery charge was invalid because it was the result of fear and coercion, and the trial court erred by accepting the plea without having a substantial basis for his guilt.
2. He received an unconstitutionally excessive sentence.
3. The trial judge was biased against him.

*Nash*, 112 So.3d at 412–19. The Third Circuit rejected the first two claims on the merits and the third for failure to preserve the issue at trial, and denied relief on April 9, 2013. *Id.* Nash sought review in the Louisiana Supreme Court, which denied his application as untimely filed under Louisiana Supreme Court Rule X § 5 on November 7, 2016. *State ex rel. Nash v. State*, 208 So.3d 381 (La. 2016).

Nash apparently pursued multiple applications for post-conviction relief. *See State ex rel. Nash v. State*, 184 So.3d 675, 676 (La. 2016) ("Relator has now fully litigated several applications for post-conviction relief in state court.") He admits to one, which he states the trial court denied on September 23, 2014. *See* doc. 1, att. 2, p. 6. He does not provide the date of filing for this application or enumerate the claims raised therein, but references the state's failure to respond to an ineffective assistance of counsel claim. *Id.* Nash sought review in the Third Circuit, which denied same on technical grounds. *See Nash*, 184 So.3d at 675. He then sought review in the Louisiana Supreme Court, which denied same on February 19, 2016, noting that he failed to show error to the Third Circuit's ruling and, furthermore, that the trial court had correctly found that his claims challenging the validity of his guilty plea were fully litigated on appeal. *Id.*

---

[1] He also filed an appeal of his probation revocation, which the Third Circuit rejected on October 28, 2012. *State v. Nash*, 2012 WL 5932974 (La. Ct. App. 3d Cir. Nov. 28, 2012). It does not appear that he sought review of this judgment.

Nash filed the instant application on February 3, 2017. Doc. 1, p. 11. Here he once again challenges the validity of his guilty plea, in addition to raising claims of ineffective assistance of counsel. Doc. 1, att. 2, pp. 8–16.

## II.
### LEGAL STANDARDS

Before this court reaches the merits of a *habeas* claim, it conducts a preliminary review of the pleadings and exhibits in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court, whether any of the claims raised are subject to the procedural default doctrine, and whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1).

*A. Exhaustion*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### B. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[2] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for

---

[2] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *Limitations Period*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

## III.
### AMEND ORDER

Based on the pleadings and exhibits filed by Nash, the court cannot determine whether the petition should survive initial review. We are unable to calculate how much time should be tolled by Nash's state court proceedings without learning the dates when his application(s) for post-conviction relief were filed.[3] As we only have one judgment relating to one of Nash's state applications for post-conviction relief, we cannot determine what claims he exhausted or attempted to exhaust within those. The fact that both of the Louisiana Supreme Court decisions presented here show that Nash's claims were not considered on the merits renders the versions of those claims presented here subject to technical and/or traditional procedural default. **Additionally, given the possibility that his claims will be found unexhausted, time-barred, and/or subject to procedural default, Nash should file another memorandum raising any arguments for equitable tolling, cause and prejudice, and actual innocence that might excuse these bars to review.**

Therefore, Nash is **ORDERED** to amend his petition within forty (40) days of this order and provide the following documentation/information:

1. Dated copies of all applications for post-conviction relief filed in the trial court;

2. Copies of any state court rulings related to these claims; and

3. Any other documentation he believes necessary to support his petition under the standards above.

Nash may attach the above documentation to his response.

---

[3] Additionally, Nash should be aware that his conviction became final on direct review when he failed to timely file for appeal in the Louisiana Supreme Court. *Richardson v. Cain*, 628 Fed. App'x 304, 305 (5th Cir. 2016) (citing *Butler v. Cain*, 533 F.3d 314, 318–19 (5th Cir. 2008)).

Nash is advised that the only proper defendant in a *habeas corpus* case is the warden of the prison. *See* Rules 2(a) and 1(b) of the Rules Governing Section 2254 Cases; *see also Rumsfeld v. Padilla*, 124 S. Ct. 2711 (2004). Here Nash has also named the attorney general of the state of Louisiana as respondent. Accordingly, he should amend his petition to correct the error.

**Failure to comply with this order within the time limit set forth above will result in a recommendation that the petition be dismissed under this court's inherent authority.**

THUS DONE this 9th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE