UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEMETRIUS NASH**<br>DOC # 536196 | : | **DOCKET NO. 17-cv-246**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **NATHAN BURL CAIN, II** | : | **MAGISTRATE JUDGE KAY** |

## ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Demetrius Nash, who is proceeding *pro se* and *in forma pauperis* in this matter. Nash is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Rayburn Correctional Center in Angie, Louisiana. However, he was incarcerated at Raymond LaBorde Correctional Center in Cottonport, Louisiana, when this complaint was filed.

After reviewing Nash's petition, we noted that we could not determine from the information provided whether his claims should survive or whether any were barred by the statute of limitations and/or the doctrine of procedural default. Doc. 7. In response Nash has filed documents which do nothing to assuage these concerns and has not offered any excuse in the event that his claims are time-barred or subject to procedural default. *See* doc. 9. However, based on the record before us and the documents apparently available to Nash, there is not enough evidence to determine whether claims should be dismissed by the court *sua sponte* at this point.

Accordingly and in order for the court to determine an appropriate resolution to this matter,

**THE CLERK IS DIRECTED** to prepare summons and serve, by Certified Mail, a copy of the petition and memorandum [doc. 1; doc. 1-2][1] and a copy of this order on:

1. The Attorney General for the State of Louisiana; and

2. Robert Tanner, warden of Rayburn Correctional Center.[2]

**THE CLERK IS ALSO DIRECTED TO SERVE**, via First Class Mail, the District Attorney for the Fourteenth Judicial District Court of Louisiana, Calcasieu Parish, where Nash was convicted and sentenced. Nash is to receive a copy of this order only by ordinary mail.

**IT IS ORDERED** that the respondent, through the District Attorney, file within **sixty (60) days** after the date of service of the summons:

1. An answer to the petition

    a. The answer shall state whether Nash has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Supreme Court of Louisiana <u>all</u> issues raised in this petition. If respondent claims that Nash has failed to exhaust his state remedies, respondent shall state whether Nash has any available procedural vehicle by which he may present his claims to the state courts, and if not, respondent shall present applicable case law as to whether this court should reach the merits of the claims. If respondent contends that Nash has procedurally defaulted any claim presented in this petition, respondent should raise the defense of procedural default.

    Respondent shall also address whether the claims presented herein are cognizable on federal habeas review, and if they are not cognizable, respondent shall present applicable case law as to why the claims are not properly reviewed by this court.

    Respondent shall also state whether Nash demonstrates that any of the claims presented herein have been adjudicated in state court proceedings which resulted in (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law

---

[1] The respondent may access the remaining attachments and the petitioner's response to our previous order via CM/ECF.

[2] The proper respondent in a habeas action seeking release from present physical confinement is the petitioner's immediate physical custodian – in other words, the warden of the facility where he is currently housed. *See Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2717–18 (2004).

as determined by the United States Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

   b. In the event the respondent contends that it has been prejudiced in its ability to respond by Nash's delay in filing or that the petition is a second or successive petition under 28 U.S.C. § 2254, the respondent shall set forth such contentions with particularity.

   c. Respondent is further ordered to specifically address whether the statute of limitations contained in 28 U.S.C. § 2244(d) bars review of Nash's claims.

   d. **All factual assertions in the answer must be supported by citations to the record.**

2. A memorandum of law in support of all issues raised in the answer, citing **relevant Fifth Circuit authority and referring to the pertinent page numbers in the state court record**, in support of the answer. **A COPY OF ANY BRIEF FILED IN STATE COURT WILL NOT BE DEEMED SUFFICIENT IN THIS PROCEEDING.**

3. A certified copy of the **entire** state court record, including but not limited to available transcripts of all proceedings held in state court.

4. A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state district courts, appellate courts, or the Louisiana Supreme Court; and

5. Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decisions pertaining to the conviction and sentence under attack.

In the event the District Attorney is unable to produce any of the above documents, he shall advise the court in writing and within the applicable deadlines why he is unable to produce them.

**IT IS FURTHER ORDERED** that Nash is allowed twenty (20) days following the filing of the response to file any reply he wishes to present to this court. **All factual assertions in the reply must be supported by citation to the record.**

After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

**IT IS FURTHER ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by any party shall include a certificate indicating that a copy has been provided to the other parties.

**The petitioner's failure to keep the court apprised of an address change, or to comply with the provisions of this order, may result in dismissal of this action under Local Rule 41.3 or Federal Rule of Civil Procedure 41(b).**

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE