# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEMETRIUS NASH** | : | **DOCKET NO. 2:17-cv-0246** |
| D.O.C. # 536196 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **NATHAN BURL CAIN, II** | : | **MAGISTRATE JUDGE KAY** |

## ORDER

The instant petition for writ of habeas corpus is untimely under 28 U.S.C. § 2254(d), due to the petitioner's failure, on direct appeal, to file a writ application in the Louisiana Supreme Court within thirty days of the Louisiana Third Circuit Court of Appeal's judgment. Accordingly, over one year accrued against § 2254(d)'s one year limit between May 4, 2013, and the filing of the petitioner's application for post-conviction relief on July 8, 2014.

In his reply memorandum, the petitioner asserts that he did seek supervisory review with the Louisiana Supreme Court within 30 days, but that he was prevented from following the clerk's instructions for submitting a completed application because he was in lockdown and because the inmate who was assisting him was transferred to another institution. Doc. 22, p. 2. He also asserts that he pursued his rights diligently by submitting several letters to the Louisiana Supreme Court requesting an update on his writ application. *Id.*

In support of these assertions the petitioner submits numerous exhibits, including in relevant part: (1) responses to a 2016 administrative remedy complaining that he is receiving inadequate representation from offender representation [doc. 22, att. 1, pp. 12–13]; (2) a July 2016

letter to the Louisiana Supreme Court Clerk of Court, referencing notification letters from 2014 and stating that he was in lockdown at that time [*id.* at 4]; and (3) an unsigned and undated notice of intent to seek writs [*id.* at 1–3]. This documentation does not show that the petitioner has been (1) pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, as required for a habeas petitioner to meet his burden and show that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Accordingly, the petitioner is given an additional **40 days** from the date of this order to submit any evidence he can gather in support of his claim, including prison mailing logs, affidavits, and correspondence relating to his attempts to file his writ application in the Louisiana Supreme Court. The petitioner should also allege how long the extraordinary circumstances that prevented him from pursuing his rights persisted.

The respondent will have **20 days** from the date of the petitioner's response or expiration of his time to file a response, whichever comes later, to respond and attach any evidence he wishes. Following expiration of these deadlines, the court will proceed with consideration of the petition.

THUS DONE this 26th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE