**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DEMETRIUS NASH** | : | **DOCKET NO. 2:17-cv-0246** |
| **D.O.C. # 536196** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **NATHAN BURL CAIN, II** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Demetrius Nash, who is proceeding pro se in this matter. Nash is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Rayburn Correctional Facility in Angie, Louisiana. The respondent has answered the petition, and the parties have also submitted supplemental memoranda addressing the issue of equitable tolling. Docs. 17, 26, 31.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

# I.
## BACKGROUND

### A. Conviction

By separate bills of information under separate docket numbers, Nash was charged in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, with (1) one count of attempted armed robbery, a violation of Louisiana Revised Statute § 14:64, and one count of attempted armed robbery with a firearm, a violation of Louisiana Revised Statute § 14:64.3, and (2) one count of armed robbery and one count of armed robbery with a firearm, violations of the same respective Louisiana statutes above. Doc. 17, att. 3, p. 24; doc. 17, att. 6, p. 23. The charges related to the events of May 15, 2009, when, according to the Louisiana Third Circuit Court of Appeal's summary, Nash unsuccessfully attempted to rob two women and pointed his firearm at a stroller they were pushing and at one of the women during this attempt. *State v. Nash*, 112 So.3d 409, 411 (La. Ct. App. 3d Cir. 2013). Later that night he approached two different women in a parking lot and, threatening them with a gun, successfully robbed them of cash and a cell phone. *Id.*

The state eventually dismissed the attempted armed robbery with a firearm and armed robbery with a firearm charges. Doc. 17, att. 3, p. 15. Nash then pleaded guilty to the remaining charges under both docket numbers. *Id.* On October 13, 2010, he was sentenced to 20 years for attempted armed robbery and 35 years for armed robbery, with the sentences to run consecutively. *Id.* at 150–51.

### B. Direct Appeal

The petitioner timely sought review in the Louisiana Third Circuit Court of Appeal, arguing through counsel that his plea was not entered intelligently and that his sentences were excessive and not made with adequate consideration for statutory guidelines. The Third Circuit found no merit to these claims and affirmed his conviction and sentence under both cases on April

3, 2013. *State v. Nash*, 112 So.3d 409 (La. Ct. App. 3d Cir. 2013); *State v. Nash*, 112 So.3d 419

(La. Ct. App. 3d Cir. 2013). Appellate counsel withdrew the following day, advising Nash that the

Louisiana Supreme Court was not likely to grant a writ application. Doc. 26, att. 1, p. 1. On or

about July 19, 2016[1], Nash filed a pro se writ application in the Louisiana Supreme Court. Doc.

17, att. 8, p. 65.  That court denied the application as untimely on November 7, 2016. *State ex rel.*

*Nash v. Nash*, 208 So.3d 381 (La. 2016). It does not appear that Nash filed a petition for writ of

certiorari in the United States Supreme Court.

### C.  State Collateral Review

Nash filed a pro se application for post-conviction relief in the state district court on July

22, 2014. Doc. 17, att. 8, pp. 30–40. There he alleged that (1) he received ineffective assistance

from trial counsel and (2) the court violated his constitutional rights by failing to ensure that his

guilty plea was knowing and voluntary. *Id.* The state district court denied the application, finding

no merit and adopting the Third Circuit's ruling on the validity of the guilty plea. *Id.* at 41. Nash

then sought review in the Third Circuit, which found that the application was deficient under

Louisiana Code of Criminal Procedure Article 912.1(C) and Uniform Rules—Courts of Appeal,

Rule 4-5, and Third Circuit Internal Rule 16. *Id.* at 46. Accordingly, the Third Circuit denied the

writ application "on the showing made" on March 17, 2015. *Id.* Nash filed a writ application in

the Louisiana Supreme Court, which denied same on February 19, 2016. *State ex rel. Nash v. State*,

184 So.3d 675 (La. 2016).

---

[1] Under the prison mailbox rule, this court uses the date that the document was surrendered for mailing as the effective date of filing for pleadings by inmates proceeding pro se. If that date is not provided, however, we look to the date that the pleading was received by the court.

### D.  *Federal Habeas Petition*

The instant petition was filed on February 3, 2017. Doc. 1. Nash renews his claims of ineffective assistance by trial counsel and a constitutionally invalid guilty plea. Doc. 1, att. 2.

**II.**
**STANDARDS ON HABEAS REVIEW**

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

## III.
### LEGAL ANALYSIS

Under Louisiana Supreme Court Rule X, § 5(a), Nash had thirty days from the Third Circuit's judgment on his direct appeal to file an application for a supervisory writ in the Louisiana Supreme Court. When he failed to do so, his time for seeking review expired and his convictions became final. Time then began to accrue against § 2244(d)'s one-year limitations period on May 4, 2013. The limitations period continued running until July 22, 2014, when Nash filed his application for post-conviction relief. Thus, regardless of what amount of tolling Nash was entitled to while his application for post-conviction relief was pending, he had already run out the clock on § 2244(d) by the time he filed that application.

Nash claims that he had entrusted the filing of the writ application to the Louisiana Supreme Court on his direct appeal to inmate counsel, but later discovered that this inmate had failed to file the application.[2] Doc. 22, pp. 2–3. Specifically, Nash asserts that he was in solitary confinement from May 7, 2013, to May 15, 2014, that his legal work was left in the prison law library during that time, and that the inmate assisting him was transferred to a different facility at some point. *Id.*; doc. 26, pp. 1–2.

This court has held multiple times that ineffective assistance of inmate counsel is not a basis for equitable tolling. *Reed v. Keith*, 2014 WL 940587, at *4 (W.D. La. Mar. 11, 2014) (citing *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001)); *Manning v. Warden, Claiborne Par. Det. Ctr.*, 2013 WL 596348, at *5 n. 3 (W.D. La. Jan. 22, 2013), adopted, 2013 WL 596345 (W.D. La. Feb. 15, 2013), aff'd, *Manning v. Sumlin*, 540 Fed. App'x 462 (5th Cir. 2013) (per curiam).

---

[2] Nash also offers his pro se status and ignorance. The Fifth Circuit has rejected such claims as a basis for equitable tolling, noting that limitations periods and filing deadlines may be discovered, even by incarcerated pro se petitioners, with due inquiry. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Additionally, Nash's admitted communications with the Louisiana Supreme Court belie his claim that he was unable to work on his case while in solitary. Correspondence provided by Nash shows that the Louisiana Supreme Court responded to letters from him sent on February 21, March 3, and March 17, 2014. *See* doc. 26, att. 1, pp. 2–8. The response to Nash's February 21 letter states that Nash's papers are being returned unfiled due to his failure to attach the judgments of the lower courts. *Id.* at 3. That response also appears to have been altered by Nash, to state that a writ application was filed on May 3, 2013, and is still pending. *Compare id.* with doc. 31, att. 1, p. 1 (copy provided by respondent). In response to Nash's March 3 letter, the court informed Nash that it had no record of anything recently filed on his behalf. Doc. 26, att. 1, p. 5. Nash fails to justify his decision to wait until July 2016 to finally file a complete writ application relating to his direct appeal, and the alleged deficiencies by inmate counsel's do not provide a basis for equitable tolling. Accordingly, Nash's habeas petition is untimely and must be denied.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 2nd day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE