UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DEMETRIUS NASH**  **CASE NO. 2:17-CV-00246**
    D.O.C. #536196              **SECTION P**

**VERSUS**  **JUDGE ROBERT R. SUMMERHAYS**

**NATHAN BURL CAIN, II**  **MAGISTRATE JUDGE KAY**

## RULING ON OBJECTIONS

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Demetrius Nash. On November 2, 2018, the Magistrate Judge issued a Report and Recommendation, whereby she recommended the petition be denied and dismissed with prejudice, finding the petition was untimely filed and is not subject to equitable tolling. [Doc. No. 32]. The Court issues this Ruling to address Petitioner's objection that "the doctrine of equitable tolling should apply because, due to his placement on solitary confinement from May 7, 2013 to May 15, 2014, he was unable to receive meaningful assistance from the inmate counsels or outside legal professionals at his place of incarceration."[1] [Doc. No. 33 at 3].

---

[1] To the extent Petitioner objects to the Report and Recommendation on the basis that equitable tolling should apply to the time between his release from administrative segregation and the date upon which he filed "a complete writ application [with the Louisiana Supreme Court] relating to his direct appeal" due to "incorrect advice that he received from inmate counsel at his institution," the objection is denied. [Doc. No. 33 at 4]. The Court finds this objection was adequately addressed in the Report and Recommendation, and will not be further addressed herein. [Doc. No. 32 at 5-6].

**Statutory Tolling**

Petitioner's conviction became final on May 3, 2013. 28 U.S.C. § 2244(d)(1)(A). Thus, the AEDPA limitations period began to run on May 4, 2013, and Petitioner had one year, or until May 4, 2014, to file his federal habeas corpus petition, absent an intervening period in which the period of limitation was tolled. *Id.* at § 2244(d)(1). Because the next event for which statutory tolling was available did not occur until on or about July 11, 2014 when Petitioner's application for postconviction relief to the trial court was submitted to prison authorities for mailing [Doc. No. 17-8 at 29][2], he is not entitled to the benefit of statutory tolling and thus the petition filed in this Court is time-barred on its face.

**Equitable Tolling**

Petitioner claims he is entitled to equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010) for the period of time in which he was held in solitary confinement. Petitioner states he was in solitary confinement from May 7, 2013 to May 5, 2014. Assuming *arguendo* Petitioner is entitled to equitable tolling during the period requested, his petition is still untimely. Three days passed for AEDPA purposes between the time

---

[2]The Magistrate Judge found Petitioner's application for postconviction relief was filed on July 22, 2014, the date it was filed by the trial court. [Doc. No. 32 at 3]. While she noted under the prison mailbox rule courts use the date the document was surrendered for mailing as the effective date of filing for pleadings by inmates proceeding pro se, she then stated, "If that date is not provided, however, we look to the date that the pleading was received by the court." *Id.* at 3 n.1. The Court notes the great weight of authority in the Fifth Circuit gives a pro se inmate the benefit of the metered date on the envelope in which the pleading was mailed, when the date the document was surrendered to prison official is not provided. *See e.g. Marshall v. Cain*, 2012 WL 1825277, *1 n.9 (E.D. La. April 26, 2012); *Logan v. Warden Louisiana State Penitentiary*, 2008 WL 5273897, *2 (W.D. La. Nov. 4, 2008); *Hypolite v. Terrell*, 2007 WL 2228400, *1 n.1 (W.D. La. July 10, 2007). Accordingly, the Court gives Petitioner the benefit of the metered date in this matter, as it finds that is the earliest date provided in the record that Petitioner could have handed the petition to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) (adopting the rational of *Houston v. Lack* for habeas corpus petitions).

Petitioner's conviction became final and his placement in administrative segregation. Between his release from segregation on May 5, 2014, and the filing of his application for postconviction relief with the trial court on July 11, 2014, an additional sixty-six days passed. The AEDPA limitations period was again tolled upon the filing of the application for postconviction relief with the trial court on July 11, 2014 until, at the latest, March 17, 2015, when the Third Circuit ruled Petitioner's writ application was deficient under Louisiana Code of Criminal Procedure Article 912.1(C), Uniform Rules-Courts of Appeal, Rule 4-5, and Third Circuit Internal Rule 16. *See e.g. Clarke v. Rader*, 2012 WL 589207 (M.D. La. Jan. 20, 2012), *aff'd*, 721 F.3d 339 (5th Cir. 2013); *Allen v. Frederick*, 16-CV-156, 2016 WL 9049588, at *5 (W.D. La. Dec. 13, 2016) (citing *Smith v. Rogers*, 2014 WL 2972284, at *4 (W.D. La. Sep. 28, 2015).[3] Tolling did not resume again until Petitioner filed his writ application with the Louisiana Supreme Court on or about April 2, 2015 [Doc. No. 17-8 at 47], and tolling continued until the Louisiana Supreme Court denied the writ on February 19, 2016. Thus, between the time the Third Circuit denied Petitioner's writ application and the filing of a writ with the Louisiana Supreme Court, an additional fifteen days passed. Petitioner filed his writ with this Court on February 3, 2017. Thus, AEDPA limitations ran for an additional 349 days between the time the Louisiana Supreme Court denied writs and the filing of his application with this Court. Accordingly, even assuming

---

[3] Following the reasoning of *Clarke*, 2012 WL 589207, *6, tolling more likely ended on or about October 20, 2014, when the time allowed for Petitioner to file an application for supervisory review elapsed, as on that date he had no "properly filed" application pending with the Louisiana Third Circuit. *See* Uniform Rules-Courts of Appeal, Rule 4-3; 28 U.S.C. § 2244(d)(2). However, in this matter, using either date does not change the result, and accordingly, the Court gives Petitioner the benefit of the date the Third Circuit deemed his petition deficient.

Petitioner is entitled to equitable tolling for the period in which he was placed in segregation, a total of 433 days have run against § 2244's one year limit, and therefore the petition filed with this Court is time-barred even with the benefit of equitable tolling.

Based upon the foregoing, Petitioner's objections are DENIED, the Report and Recommendation will be ADOPTED, and the instant petition will be DENIED and DISMISSED with prejudice.

THUS DONE in Chambers on this 13th day of December, 2018.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**