UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEMETRIUS NASH** | : | **DOCKET NO. 2:17-cv-0246** |
| **D.O.C. # 536196** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **NATHAN BURL CAIN, II** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Petitioner moves for reconsideration of the court's denial of his petition for writ of habeas corpus as untimely. Doc. 38. As we noted in our original report and recommendation, ineffective assistance by inmate counsel does not provide a basis for equitable tolling. Doc. 32, p. 5. Likewise, an inmate's pro se status or ignorance of the law will not excuse him from AEDPA's timeliness requirements. *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999). Petitioner's claim that his placement in solitary confinement prevented him from ensuring that inmate counsel had properly filed his writ application is ultimately an ineffective assistance argument and Nash's own exhibits contradict his argument that he could not discover this failure or correct it until he was released from solitary confinement. *See* doc. 32, pp. 5–6.

Petitioner also argues that he was denied meaningful review of his ineffective assistance claim. This claim was denied by our court for the overall untimeliness of the petition under AEDPA. However, even if petitioner had managed to timely file his petition, the claim would be subject to procedural default based on the Third Circuit's denial of same. Doc. 17, att. 8, p. 46. An inmate's failure to raise or properly raise an ineffective assistance of trial counsel claim in state collateral proceedings may be excused under the doctrine of cause and prejudice, under

circumstances where (1) the claim is a "substantial" one; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel at collateral review, (3) the collateral review proceeding was the initial one for review of an ineffective assistance claim, and (4) it is highly unlikely that the defendant will otherwise have a meaningful opportunity to raise the claim in the state courts. *Trevino v. Thaler*, 133 S.Ct. 191, 1918–20 (2013).

Here, though the Third Circuit found the claim to be procedurally defaulted, the state district court addressed the merits of petitioner's ineffective assistance claim and noted that the Third Circuit's ruling on appeal directly contradicted his claims of deficient performance in failing to (1) ensure that the guilty plea was knowing and voluntary and (2) argue mitigating factors at sentencing. Doc. 17, att. 8, p. 41. The petitioner presents nothing to contradict these findings. A claim is only substantial if it has "some merit." *Trevino*, 133 S.Ct. at 1921. Even if Nash had timely filed his petition, his ineffective assistance claim is not a substantial one and the court could not consider his failure to properly raise it on collateral review as a basis for cause and prejudice. Accordingly, the Motion for Reconsideration [doc. 38] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 13th day of February, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE